# IN THE COURT OF APPEALS OF IOWA

No. 23-1631
Filed January 24, 2024

IN THE INTEREST OF A.M.,
Minor Child,

J.R., Mother,
        Appellant.

_____

Appeal from the Iowa District Court for Mills County, Scott Strait, District Associate Judge.

A mother appeals the termination of her parental rights to her daughter. **AFFIRMED.**

Eric A. Checketts of Checketts Law, PLC, Glenwood, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Amanda Heims of Amanda Heims Law, Council Bluffs, attorney and guardian ad litem for minor child.

Considered by Schumacher, P.J., Badding, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**BLANE, Senior Judge.**

A mother appeals termination of her parental rights to her infant daughter. We affirm.

When A.M. was born in December 2022, her umbilical cord tested positive for amphetamine and methamphetamine. Her mother's urine screen was positive for those drugs as well. A.M. was removed from the mother and father's care,[1] and placed with a foster family until about six months later, when she transitioned to a pre-adoptive placement. A.M. has serious medical impairments because of her exposure to drugs in utero. The foster parents have seen to it that she receives appropriate medical attention and therapies. The biological parents never attended her medical appointments.[2]

The court ordered the parents to participate in family-centered services, obtain mental-health and substance-abuse treatment, and submit to random drug screens, none of which the parents did. Service providers reported trying to contact the parents weekly without success. Contact went little beyond a few phone calls and texts. The parents moved and changed phone numbers several times, and through most of the case their whereabouts were unknown. The parents have not seen A.M. since they left the hospital after her birth. They never scheduled or attended visitation, although the Department of Health and Human Services offered two visits per week.

---

[1] The father's rights were also terminated. He does not appeal.

[2] According to the record, A.M.'s various medical providers desired to have health information from the parents, particularly the mother, that would help in diagnosing and treating A.M.'s numerous medical issues. The mother had no prenatal care, so those records were not available.

The State petitioned for termination of parental rights, and the court held a hearing in August 2023. Neither parent appeared.[3] The department worker testified that the parents requested drug tests in July. The worker scheduled one but the parents failed to attend. They appeared for the July drug tests in August, but they had to be rescheduled. The worker scheduled tests a few days later, and the parents again failed to attend. The mother also obtained a substance-abuse evaluation a couple of weeks before the hearing recommending extensive outpatient treatment. But she did not follow up.

The court-appointed special advocate (CASA) reported that A.M. is doing well in her pre-adoptive home and is "happy, smiling, and interacting" with her foster parents and foster siblings "for both entertainment and comfort." The foster parents continue to address her serious medical needs. The CASA recommended termination of the parents' rights. The child's guardian ad litem agreed. The court terminated the mother's rights under Iowa Code section 232.116(1) (2023), paragraphs (e) and (h). She appeals.

We review termination proceedings de novo. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022). We give weight to the juvenile court's fact findings, but they do not bind us. *Id.* Our top concern is the child's best interests. *Id.*; *see*

---

[3] The court continued an earlier termination trial, finding that the parents had not been served properly. At the rescheduled trial, the court denied both parents' counsels' requests for a continuance. Although the mother discusses the situation in her brief, she raises no issues about the adequacy of service or the continuance. At the hearing, mother's counsel advised the court on the record that he had spoken with her that morning, she was aware of the hearing and wanted to attend. There was no explanation why she did not attend.

*also In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021) (explaining the "three-step analysis" for review of termination-of-parental-rights appeals).

*Statutory Ground for Termination: paragraph (e).*[4]   The mother first challenges whether the State proved the statutory grounds for termination of her rights.   *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016) (requiring proof of statutory grounds by clear and convincing evidence).   The mother neither sets out nor asserts any facts in the record to support the argument that the State failed to prove the grounds under paragraph (e), so we deem the issue waived.   Iowa Ct. R. 6.903(2)(g)(3) (requiring that appellate arguments contain "citations to the authorities relied on and references to the pertinent parts of the record" and providing "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue"); *see also L.N.S. v. S.W.S.*, 854 N.W.2d 699 (Iowa Ct. App. 2013) ("Where a party has failed to present any substantive analysis or argument on an

---

[4] To prove termination is appropriate under paragraph (e), the State must show:

> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
> (3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so.  For the purposes of this subparagraph, "significant and meaningful contact" includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent.  This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

Iowa Code § 232.116(1)(e).

issue, the issue has been waived."). We affirm termination on paragraph (e). *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). As to the statutory grounds, we could stop here, but we elect to also address 232.116(1)(h).

*Statutory Ground for Termination: paragraph (h).*[5] Next, the mother argues the child could have been placed with her at the time of the termination hearing. She contends the State failed to present evidence that the mother posed any threat of harm to the child or that she would not be well cared for.

The record provides clear and convincing evidence that the child cannot be returned to the mother at the present time. *See In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014) (defining "at the present time" to mean at the time of the termination hearing). A.M. has serious health issues because of the mother's drug use. The mother's substance-abuse evaluation recommended extensive outpatient treatment, which the mother didn't get. The mother never tested for drugs, so we cannot say that she is sober. She never obtained a mental-health evaluation either. She didn't communicate with the department, so we don't know if she has a stable home. She has no familiarity with A.M.'s considerable medical needs. And she has not seen A.M. since her birth. A.M. cannot be returned safely to her

---

[5] To prove termination is appropriate under paragraph (h), the State must show:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

mother's custody at the present time. Termination was appropriate under paragraph (h).

*Best Interests and Statutory Exceptions.* Next, the mother argues the child's best interests weigh strongly against termination: "A child's best interest is served by being in the care and nurture of her biological mother. . . . [T]ermination would be detrimental to A.M. for this reason." But the mother cites neither facts in the record nor any authority other than Iowa Code section 232.116, subsections (2) and (3) to support this claim. And she asserts, "The court has discretion based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in Iowa Code Section 232.116(3) to save the parent-child relationship." But she does not cite what circumstances in A.M.'s case warrant exercise of that discretion. We find she waived the argument.

*Reasonable Efforts.* Finally, the mother contends the State failed to make reasonable efforts toward reunification. She argues the department did not work with her to maximize contact with her daughter.

The mother does not state where she preserved error by asking for those efforts before the termination hearing. *See In re J.H.*, 952 N.W.2d 157, 166 n.3 (Iowa 2020) (finding parent waived reasonable-efforts claim when he never objected to the sufficiency of the services in the juvenile court). Our review shows she did not make such request. We deem the issue waived. *See id.*

**AFFIRMED.**